IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                           23MJ1260

THEODORE IAN CHAVEZ, IV,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the United States' Notice of Appeal of Magistrate's Order Setting Conditions of Release, (Doc. 8), filed August 16, 2023. The United States followed with a Memorandum in Support of Detention, (Doc. 14), filed August 30, 2023, and Defendant filed a response, (Doc. 15), filed August 31, 2023. The Court concludes oral argument is not necessary. Based on its *de novo* review of the record, including the Criminal Complaint (Doc. 1); the Pre-trial Services Report, (Doc. 7); the audio recording of the hearing before the Magistrate Judge and the corresponding minutes, (Doc. 10), the briefing of the parties, and the applicable law, this Court orders Defendant RELEASED pending trial.

*I. Procedural Background*

On August 10, 2023, the United States brought charges against the defendant alleging a violation of 18 U.S.C. § 1153, and 18 U.S.C. § 113(a)(8), Assault of an Intimate Partner by Strangulation in Indian Country. The allegation, as described in the affidavit supporting the Criminal Complaint, stems from a female who reported to the Bureau of Indian Affairs Police domestic violence injuries perpetrated by Defendant in their home located on the Mescalero

Apache Indian Reservation. The female further reported that the domestic violence had been occurring for nine years. The female described how, on the morning of August 6, 2023, the defendant grabbed her during an argument and shoved her into a door, causing her bruising and a head injury. She also described that the defendant strangled her, causing her to lose consciousness and bruising to her neck, arms, and chest. The injuries were visible to BIA police even after two days had lapsed since the alleged assault. The female further described domestic violence from three weeks prior, and that the defendant had been assaulting her for nine years, especially during the last four years since they moved into their own home. It is further alleged in the Complaint that when the defendant was interviewed by BIA police officers, he admitted physically retraining the female and being the likely cause of bruising on her body, including to her neck, conceding that he put his hands on her throat. He denied being intoxicated at the time, stating words to the effect, "I know I hurt [V1] and I'm sorry, and writing an apology letter, stating, 'I take all responsibility'."

After hearing argument from both the AUSA and defense counsel, the Magistrate Judge ordered the defendant released on a $10,000 unsecured bond to be co-signed by the defendant's mother and adopted the conditions of release recommended by the Pre-trial Services Officer. (Doc. 7). The Magistrate noted the lack of any criminal convictions, somewhat uncommon for a man of defendant's age of 26 years old from the same area Though he declined to agree with defense counsel to allow the defendant to be released home to his family on the Mescalero Indian Reservation, the Magistrate Judge noted the area is "combustible" and "turbulent," instead ordering the defendant be released to the Diersen Charities Residential Re-entry Center, restricting travel to Dona Ana County with strict conditions to not contact the alleged victim, either directly or indirectly.

*II. Standard of Review and Applicable Law*

"The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros,* 328 F.3d at 615).

*III. Analysis*

In deciding whether to release or detain a defendant pending trial, the Court considers the following factors set forth in Section 3142(g):

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal,

or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The United States requests this Court order the defendant detained pending trial, asserting he is both a risk of flight and a danger to the community. (Doc. 14). The United States points to the "extremely violent behavior," and the injuries to the female victim, including bruising to her neck, arms, and chest causing difficulty consuming food or liquid and loss of consciousness. The United States also points to the strength of the evidence, including the female's need for medical attention, the documented injuries, her identification of the defendant as the perpetrator and consistency between her report and the injuries, as well as the defendant's own statement admitting responsibility for the assault.

The United States also points to a risk that the defendant, using in part his mother's legal experience, would obstruct justice and intimidate witnesses, as indicated in a prior petition for a restraining order he filed against the female as well as a criminal complaint he pursued against the female for "conspiracy." The greater argument by the United States, however, is the alleged violence itself and 9-year duration. This Court concludes by clear and convincing evidence that the defendant is a danger, certainly to the alleged female victim but also to the community.

The United States contends the defendant is a risk of flight, asserting in part that if he is released to the RRC, he could simply walk away. The record, however, includes no documented criminal history in any court, except for a traffic-related infraction, indicating by a preponderance he will not appear as required. By contrast, the record includes that the defendant has resided on the Mescalero Indian Reservation and was employed. He has close familial ties to

that community. Based on the record, this Court cannot conclude the defendant is a risk of flight.

The critical consideration is defendant's dangerousness, although this Court is satisfied the combination of conditions recommended by Pre-trial Services and as adopted by the Magistrate Judge are enough to assure the safety of the alleged female victim and the community.

*IV. Conclusion*

Having considered the foregoing Section 3142(g) factors, the Court concludes by clear and convincing evidence that Defendant is a danger to the alleged female victim and the community. However, this Court is satisfied that conditions of release can be fashioned to assure the safety of the alleged female victim and that of the community. The defendant shall be released from the custody of the United States Marshal to the Diersen Charities Residential Re-entry Center on a $10,000 unsecured bond co-signed by his mother, Melissa Ann Chavez, and be subject to the conditions of release as recommended by the Pre-trial Services Office, (Doc. 7), which are hereby adopted by this Court.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE